UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSELMO CASTILLO NIEVES (A-Number: 221-370-636),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-02759-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN TEN (10) DAYS<br><br>Doc. 1 |

Petitioner Anselmo Castillo Nieves is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Docs. 1. The Court construes the petition as challenging the statutory authority for petitioner's detention. The Court ordered respondents to show cause as to why the petition should not be granted. Doc. 7. Respondents argue that "because the petitioner is an applicant for admission, he is subject to detention under 8 U.S.C. § 1225(b)(2)(A), and he is not entitled to a bond hearing or release." Doc. 10 at 2. But the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193 (9th Cir. 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Anselmo Castillo Nieves (A-Number: 221-370-636) with a bond hearing before a neutral decisionmaker pursuant to 8 U.S.C. § 1226(a) and its implementing

regulations within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten (10) days, then respondents must release him.[1]

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve the California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: November 2, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.